

**Debevoise & Plimpton LLP**
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000

September 26, 2025

<u>**VIA ECF**</u>

The Honorable Paul A. Engelmayer
United States District Court, Southern District of New York
40 Foley Square
New York, NY 10007

RE: *Mark Anthony, Int'l SRL et al. v. Prime Hydration, LLC*, No. 1:24-cv-07620-PAE

Dear Judge Engelmayer:

We write on behalf of Lionel Messi, LMGM, SLU, and Bolvir LLC (the "Messi Parties") pursuant to Paragraph 8 of Your Honor's January 13, 2025 scheduling order (Dkt. 42) and Section 3(H) of Your Honor's Individual Rules to request a pre-motion conference in connection with the Messi Parties' anticipated motion for summary judgment.[1]

Fact discovery in this case has been closed since September 12, 2025. Dkt. 98. The factual record is clear that the Messi Parties cannot be held contributorily liable for any of the claims in this case, and thus the Messi Parties are entitled to summary judgment on Prime's Sixth Cause of Action. *See* Dkt. 60.

**The Messi Parties have not contributorily infringed Prime's trade dress rights.**

To establish contributory infringement against Mr. Messi, LMGM, and Bolvir, Prime must prove that each (1) "intentionally induce[d] [Mark Anthony] to infringe [Prime's alleged trade dress rights]," or (2) "continue[d] to supply its product [or services] to one whom it knows or has reason to know is engaging in trademark infringement." *Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d 93, 104 (2d Cir. 2010) (quoting *Inwood Lab'ys, Inc. v. Ives Lab'ys, Inc.*, 456 U.S. 844, 854 (1982)). Neither prong applies to any of the Messi Parties.

Courts have traditionally applied the contributory infringement doctrine to manufacturers and distributors, not to other types of parties like the Messi Parties. *See, e.g.*, *Inwood Lab'ys*, 456 U.S. at 855. "The Second Circuit has yet to determine that *Inwood* applies outside the context of manufacturers and distributors." *Red Rock Sourcing LLC v. JGX LLC*, No. 21-cv-1054 (JPC), 2024 WL 1243325, at *27 (S.D.N.Y. Mar. 22, 2024) (noting that in *Tiffany* the Second Circuit

---

[1] At the January 13, 2025 scheduling conference, Your Honor suggested that premotion letters would be due "after the close of . . . expert discovery." Tr. 21:11–19. Your Honor subsequently issued a scheduling order stating that "any motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing within fourteen (14) days of . . . the close of fact discovery." Dkt. 42 ¶ 8. Regardless of the deadline, this proposed motion is ripe now because it does not rest on expert discovery.

| Exhibit |
|---------|
| **F** |

"assum[ed] without deciding that *Inwood* applied to an online marketplace (eBay)"). Even if any such extension were warranted, it would be a gross overextension to apply the doctrine to parties like the Messi Parties based only on the fact that Mr. Messi's name and image were used to promote a product accused of infringement. The Messi Parties are aware of no cases extending the doctrine in a context like this—indeed, courts reject claims like these where a defendant contributes to a product in a way that has nothing to do with the alleged infringement. *See, e.g.*, *Gibson Guitar Corp. v. Viacom Int'l Inc.*, No. 12-cv-10870, 2013 WL 2155309, at *4–5 (C.D. Cal. May 17, 2013) (licensor not liable for contributory infringement where a licensee used licensed trademarks on infringing products, because the products were infringing for reasons independent of the licensed trademarks), *aff'd in part, rev'd in part*, 640 F. App'x 677 (9th Cir. 2016) (affirming dismissal of contributory liability claims).

In any event, even if the doctrine of contributory liability could in theory extend to parties like the Messi Parties, the evidence in the record demonstrates that none of the Messi Parties (1) intentionally induced infringement or (2) provided services with the requisite knowledge of the infringing conduct and "exercise[d] sufficient control over the means of the infringing conduct," as required to find contributory infringement. *Tiffany*, 600 F.3d at 105–07.

"Intentional inducement requires specific acts undertaken with knowledge of infringing behavior and intent to cause infringement." *Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*, 206 F. Supp. 3d 869, 905 (S.D.N.Y. 2016) (citing *Tiffany*, 600 F.3d at 107). The record is devoid of evidence of any such acts by any of the Messi Parties. The record shows that Mark Anthony designed the allegedly infringing elements of the Más+ by Messi packaging. Indeed, the first time the Messi Parties even saw the packaging was on December 1, 2023, after it was designed. Neither Mr. Messi, LMGM, Bolvir, nor anyone acting on their behalf had decision-making authority concerning the trade dress of Más+ by Messi. The Messi Parties' control over the packaging of Más+ by Messi was limited to LMGM's review of uses of Mr. Messi's name, image, signature, quotes, and flavor names. Prime can point to no facts overcoming the overwhelming evidence that the Messi Parties did not encourage, let alone intentionally induce, Mark Anthony to infringe Prime's trade dress.[2]

Additionally, no reasonable jury could find that the Messi Parties had sufficient control over Mark Anthony's allegedly infringing conduct to be contributorily liable. The Messi Parties were not familiar with Prime's packaging during the development process. And the record is clear that Mark Anthony—not the Messi Parties—had control over the aesthetic design of Más+ by Messi products. Mark Anthony determined the design of the products and controlled their distribution,

---

[2] The Messi Parties expect Prime to point to public statements made by or on behalf of Mr. Messi or Mark Anthony about Mr. Messi's alleged involvement in the product—but those statements do not raise any genuine issues of material fact. The statements merely demonstrate Mr. Messi's enthusiasm about the brand and Mark Anthony's enthusiasm about Mr. Messi's involvement with the brand. *See Mark Anthony Int'l SRL v. Prime Hydration, LLC*, No. 24-cv-7620 (PAE), 2025 WL 2055998, at *3 n.1 (S.D.N.Y. July 23, 2025), Dkt. 84 ("Viewed with realism and in context, [the marketing materials attributed to Mr. Messi] simply reflect his enthusiasm about the launch of MÁS.").

sale, and marketing. LMGM exercised approval rights only over Mark Anthony's use of Mr. Messi's likeness and trademarks, which are not at issue in this case.

For the foregoing reasons, the Messi Parties are entitled to summary judgment on Prime's Sixth Cause of Action. Bolvir is entitled to summary judgment for the additional reason that it has no rights or obligations concerning the packaging of the Más+ by Messi product *at all*, and it has received no funds (and has no contractual right to receive any funds) from allegedly infringing sales.

**There is no underlying trade dress infringement.**

The Messi Parties intend to join Mark Anthony's motion for summary judgment concerning Prime's lack of protectable trade dress rights, *see* Dkt. 99 (Mark Anthony request for a pre-motion conference),[3] which further demonstrates that the Messi Parties are entitled to summary judgment on Prime's claim for contributory infringement. *See Solid 21, Inc. v. Richemont N. Am., Inc.*, No. 19-cv-1262 (LGS), 2020 WL 3050970, at *7 (S.D.N.Y. June 8, 2020) ("Contributory trademark infringement is predicated on the existence of direct infringement").

\* \* \* \* \*

Because there is no genuine dispute as to any material fact concerning these issues, the Messi Parties are entitled to summary judgment. Fed. R. Civ. P. 56(a). The Court should therefore permit the Messi Parties to move for summary judgment to streamline this case.

Respectfully submitted,

*/s/ Megan K. Bannigan*

Megan K. Bannigan
cc: Counsel of Record

---

[3] Even if Prime has protectable trade dress rights—and it does not—the Más+ by Messi product does not infringe Prime's alleged rights. Because of the fact-specific nature of that analysis, that is an issue that would more appropriately be addressed at trial, if there were to be a trial, but for the reasons that will be explained in the parties' forthcoming motions for summary judgment, the Messi Parties do not believe that any such trial will be warranted here given the absence of any trade dress rights. In any event, Prime's Sixth Cause of Action can be resolved independent of those analyses.